ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| PABLO MALDONADO MARTÍNEZ<br><br>Recurrido<br><br>v.<br><br>NEREIDA ROMÁN PAGÁN t/c/c NEREIDA LA CANA PÉREZ<br><br>Peticionaria | TA2026CE00304 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Número: CG2025CV03623<br><br>Sobre: Desahucio en Precario |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

Ortiz Flores, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico a 17 de abril de 2026.

Comparece ante nos Nereida Román Pagán (señora Román Pagán; parte peticionaria) mediante *Certiorari* para solicitarnos la revisión de una *Resolución* emitida, y notificada el 25 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI).[1] Mediante la *Resolución* recurrida, el foro primario declaró No Ha Lugar la *Moción bajo la Regla 49.2 de las de Procedimiento Civil para que se deje sin efecto sentencia y/u orden de lanzamiento*, presentada por la parte peticionaria el 12 de febrero de 2026.

Por los fundamentos que expondremos a continuación, se desestima el recurso de *Certiorari* por falta de jurisdicción por prematuro.

**I**

El caso de título inició cuando Pablo Maldonado Martínez (Sr. Maldonado Martínez; parte recurrida) instó una *Demanda de Desahucio*.[2] Alegó que, desde el mes de diciembre de 2024, le alquiló a la señora Román Pagán una propiedad localizada en la Calle José Celso Barbosa,

---

[1] SUMAC TPI, a la Entrada Núm. 20.
[2] SUMAC TPI, a la Entrada Núm. 1.

Núm. 17, Caguas, Puerto Rico, por la cantidad de $800.00 al mes. Indicó que el contrato se hizo de forma verbal. Sostuvo que la parte peticionaria no realizó los pagos de la renta de los meses de marzo a octubre de 2025, por lo que debe la cantidad de $6,400.00. En consecuencia, adujo que le solicitó a la parte peticionaria desalojar la propiedad pero que esta se negó, toda vez que alegó que sus familiares se habían comprometido a pagar la renta. Por lo anteriormente expuesto, solicitó el pago de $6,400.00 y la cantidad de $1,000.00 por concepto de honorarios de abogado.

Según surge de la *Minuta*, el 18 de noviembre de 2025, se celebró el juicio en su fondo.[3] Compareció el señor Maldonado Martínez, por medio de su representación legal, y la señora Román Pagán, por derecho propio, acompañada de su hijo, Javier Crespo Román (señor Crespo Román). Surge, además, que, a preguntas del tribunal sobre la causa de acción, la representación legal del señor Maldonado Martínez informó que el contrato de arrendamiento fue uno verbal y que la hermana de la señora Román Pagán era quien iba a pagar la renta. Por otro lado, la prueba testifical recibida por el TPI consistió, por parte de la parte recurrida, en el testimonio del señor Maldonado Martínez; mientras que, por parte la parte peticionaria, atestiguó el hijo de la señora Román Pagán, el señor Crespo Román. Luego de evaluar la prueba presentada por las partes, el TPI dictó sentencia y notificó el lanzamiento de la señora Román Pagán. Además, se hizo constar que la **dirección postal de la señora Román Pagán es HC 50 Box 40190, San Lorenzo, PR 00754**.

Producto del juicio en su fondo, el 5 de diciembre de 2025, el TPI emitió y notificó, a la dirección Calle José Celso Barbosa 17, Caguas, PR 000725, una *Sentencia* mediante la cual declaró Ha Lugar la acción de desahucio y ordenó el desalojo de la señora Román Pagán de la propiedad.[4] A tenor, concedió un término de veinte (20) días, contados desde que la *Sentencia* adviniera final y firme, para que la señora Román

---

[3] SUMAC TPI, a la Entrada Núm. 13.
[4] SUMAC TPI, a la Entrada Núm. 10.

Pagán desalojara la propiedad. Conviene señalar que la notificación de la *Sentencia* llegó devuelta con una nota del servicio postal que indicó "*Return to Sender Insufficient Address Unable to Forward*".[5]

Transcurrido en exceso el término concedido a la señora Román Pagán, para cumplir o desocupar la propiedad, el 29 de diciembre de 2025, el señor Maldonado Martínez presentó una *Moción por Derecho Propio*.[6] Mediante esta, solicitó el lanzamiento de la señora Román Pagán. En vista de lo anterior, el 8 de enero de 2026, notificada al día siguiente, a la dirección Calle José Celso Barbosa 17, Caguas, PR 000725, el TPI emitió *Orden y Mandamiento de Lanzamiento*.[7] En consecuencia, el TPI decretó el lanzamiento de la Sra. Román Pagán y de todo aquel que ocupara la propiedad.

De ahí, el 12 de febrero de 2026, la señora Román Pagán, mediante representación legal, instó una *Moción bajo la Regla 49.2 de las de Procedimiento Civil para que se deje sin efecto sentencia y/u orden de lanzamiento*.[8] Alegó que procedía dejar sin efecto la *Sentencia*, emitida y notificada el 5 de diciembre de 2025, por falta de jurisdicción debido a que el señor Maldonado Martínez carecía de legitimación activa para presentar la *Demanda*. Por otro lado, indicó que procedía dejar sin efecto la orden de lanzamiento debido a que la *Sentencia* no es final y firme, toda vez que la misma no le fue notificada adecuadamente. Expresó que dicha notificación fue devuelta por el correo postal por deficiencias en la dirección. En consecuencia, solicitó que se concedieran los remedios solicitados y cualquier otro pronunciamiento que procediera.

Luego, el 25 de febrero de 2026, el TPI emitió y notificó, mediante la plataforma SUMAC, la *Resolución* de la que se recurre. Mediante esta, el TPI declaró No Ha Lugar la *Moción bajo la Regla 49.2 de las de*

---

[5] SUMAC TPI, a la Entrada Núm. 14.
[6] SUMAC TPI, a la Entrada Núm. 15.
[7] SUMAC TPI, a la Entrada Núm. 16 y 17.
[8] SUMAC TPI, a la Entrada Núm. 19.

*Procedimiento Civil para que se deje sin efecto sentencia y/u orden de lanzamiento*, presentada por la parte peticionaria.[9]

Inconforme, el 11 de marzo de 2026, la señora Román Pagán compareció ante nos mediante un recurso de *certiorari* en el cual esbozó la comisión de los siguientes dos (2) errores:

> PRIMERO: Erró el Tribunal de Primera Instancia al denegar el relevo de la sentencia solicitado al amparo de la Regla 49.2 de Procedimiento Civil, a pesar de que no se demostró la legitimación activa de la parte demandante, con el agravante de que se resolvió la moción sin la celebración de una vista.

> SEGUNDO: Erró el Tribunal de Primera Instancia al denegar el relevo de la orden de lanzamiento, a pesar de que la sentencia no fue notificada adecuadamente y de que el expediente no se desprende el cumplimiento de las condiciones impuestas en el propio dictamen para su ejecución.

El 13 de marzo de 2026, esta Curia emitió *Resolución* en la cual se le concedió hasta el 24 de marzo de 2026 a la parte recurrida para que mostrara causa por la cual no se debía expedir el auto de *certiorari*. En cumplimiento con lo ordenado, el 24 de marzo de 2026, la parte recurrida presentó *Alegato en Oposición al Recurso de Certiorari*. Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia objeto del recurso de epígrafe.

**II**

**A**

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil. 32 LPRA Ap. V, R. 52.1. Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de

---

[9] SUMAC TPI, a la Entrada Núm. 20.

Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[…]. *Id.*

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.

[…]. *Id.*

Establecido lo anterior, precisa señalar que el recurso de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional. *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011). La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction*, *Inc.,* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo, supra*, 435. Por otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025),

esgrime que el Tribunal deberá considerar los siguientes criterios para expedir un auto de *Certiorari:*

    A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

    C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo de Puerto Rico ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto. *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994). Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

De otra parte, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, como tampoco constituye una adjudicación en sus méritos. Meramente, responde a la facultad discrecional del foro apelativo

intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008).

**B**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración. *R&B Power, Inc. v. Junta de Subasta ASG,* 2024 TSPR 24, 213 DPR ___ (2024); AAA v. UIA, 199 DPR 638, 651-652 (2018). Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela. *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016). Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Ríos Martínez, Com. Alt. PNP v. CLE*, *supra*. Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada. *R&B Power, Inc. v. Junta de Subasta ASG, supra*. De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018). Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos. 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG, supra*. De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse. *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por tanto, inexistente. *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de

doctrinas de autolimitación basadas en consideraciones jurisprudenciales que prohíben al foro judicial emitir opiniones consultivas. *ELA v. Aguayo*, 80 DPR 552, 595 (1958); Véase, además, R. Elfrén Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147. Además, el aludido principio persigue evitar emitir decisiones en casos en los cuales realmente no existe una controversia o dictar una sentencia que no tendrá efectos prácticos sobre un asunto. *Moreno v. Pres. U.P.R. I*, 178 DPR 969, 973 (2010). En ese contexto, un caso no es justiciable cuando: (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva; y, (v) cuando se pretende promover un pleito que no está maduro. *Crespo v. Cintrón*, 159 DPR 290, 298 (2003).

En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta. *Torres Martínez v. Torres Ghigliotty*, *supra*, a la pág. 98; *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001). Como ha pronunciado reiteradamente el Tribunal Supremo, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E.*, *supra*, a la pág. 365. Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *Torres Alvarado v. Madera Atiles, supra*, a la pág. 501; *Juliá et al. v. Epifanio Vidal, S.E., supra*, a la pág. 366.

**C**

La Sección 7 del Artículo II de la Constitución de Puerto Rico, al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos, garantizan que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley. CONST. PR, Art. II, Sec. 7; CONST. EE. UU., Emda. V y XIV. Esta garantía procesal funciona de dos (2) vertientes, la

sustantiva y la procesal. En lo referente a esta última, se ha entendido que "el debido proceso de ley procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo". *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* 133 DPR 881, 887 (1993); *López Vives v. Policía de P.R.*, 118 DPR 219 (1987). Para garantizar las exigencias mínimas del debido proceso de ley todo procedimiento adversativo debe satisfacer lo siguiente: (i) notificación adecuada del proceso; (ii) proceso ante un juez imparcial; (iii) oportunidad de ser oído; (iv) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; (v) asistencia de abogado, y (vi) que la decisión se base en la evidencia presentada y admitida en el juicio. *Hernández v. Secretario*, 164 DPR 390 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, *supra*, a la pág. 889. A esos efectos, la característica medular de la garantía del debido proceso de ley es que el procedimiento seguido sea uno justo. *Rivera Santiago v. Srio. de Hacienda,*119 DPR 265, 274 (1987).

La notificación adecuada es aquella que se dirige específicamente a la parte o a su representación legal. *R & G Mortgage v. Arroyo Torres y otros*, 180 DPR 511, 525 (2010). Sobre este particular, nuestra jurisprudencia ha establecido que la incorrecta notificación atenta contra los derechos de las partes, al privarles de cuestionar el dictamen emitido y causarles demoras e impedimentos en el proceso. *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250-251 (2016). Por ello, al no notificarse adecuadamente alguna resolución, orden o sentencia, estas no surten efecto y los términos no comienzan a transcurrir. *Bco. Popular v. Andino Solís,* 192 DPR 172, 183 (2015).

### III

En el presente caso, la parte peticionaria nos invita a concluir que el foro primario cometió dos (2) errores, por los cuales amerita que se revoque la *Resolución* recurrida. En su *primer* error, esta plantea que el TPI falló al denegar el relevo de la sentencia solicitado, al amparo de la Regla 49.2 de

Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, toda vez que no se demostró la legitimación activa de la parte recurrida. Por otra parte, en su *segundo* señalamiento de error, la parte peticionaria arguye que el TPI incidió al denegar el relevo de la orden de lanzamiento, a pesar de que la *Sentencia* no fue notificada adecuadamente y no se cumplieron con las condiciones impuestas en el propio dictamen para su ejecución.

Como cuestión de umbral, tratándose el recurso ante nos de un recurso discrecional de *certiorari*, debemos determinar si procede o no su expedición. Como es sabido, un tribunal apelativo no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que dicho tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. Puntualizamos que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección. Además, esta Regla no opera en el vacío, tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.

Con lo anterior en mente, examinamos con detenimiento la totalidad de los autos ante nuestra consideración. Luego de efectuar el referido examen, este Panel coincide en que el TPI incidió con su proceder. Lo anterior, toda vez que un estudio de los autos del recurso de epígrafe forzosamente revela que el TPI actuó sin jurisdicción para atender la moción por derecho propio, instada por la parte recurrida para solicitar el lanzamiento de la Sra. Román Pagán, así como la moción de relevo de sentencia, presentada por la parte recurrente. Veamos.

Según relatamos previamente, surge de la *Minuta* que, el 18 de noviembre de 2025, se celebró el juicio en su fondo en el cual se hizo

constar que **la dirección postal de la señora Román Pagán es HC 50 Box 40190, San Lorenzo, PR 00754**. Producto del juicio en su fondo, el 5 de diciembre de 2025, el TPI emitió y notificó, a la dirección Calle José Celso Barbosa 17, Caguas, PR 000725, una *Sentencia* mediante la cual el TPI declaró Ha Lugar la acción de desahucio y ordenó el desalojo de la señora Román Pagán de la propiedad. A tenor, concedió un término de veinte (20) días, contados desde que la *Sentencia* adviniera final y firme, para que la señora Román Pagán desalojara la propiedad. Transcurrido en exceso el término concedido a la señora Román Pagán para cumplir o desocupar la propiedad, el 29 de diciembre de 2025, el señor Maldonado Martínez presentó una *Moción por Derecho Propio,* mediante la cual solicitó el lanzamiento de la señora Román Pagán. En vista de lo anterior, el TPI atendió dicha moción y, el 8 de enero de 2026, emitió una *Orden y Mandamiento de Lanzamiento*, la cual fue notificada al día siguiente, a la dirección Calle José Celso Barbosa 17, Caguas, PR 000725. Mediante dicha orden, el TPI decretó el lanzamiento de la señora Román Pagán y de todo aquel que ocupara la propiedad. Por otro lado, el 12 de febrero de 2026, la señora Román Pagán, mediante representación legal, instó una *Moción bajo la Regla 49.2 de las de Procedimiento Civil para que se deje sin efecto sentencia y/u orden de lanzamiento*, la cual el TPI atendió y, el 25 de febrero de 2026, emitió y notificó, mediante la plataforma SUMAC, una *Resolución* en la cual declaró No Ha Lugar dicha moción.

Establecido lo anterior, y de un examen del expediente ante nuestra consideración, se desprende que **la *Sentencia*, emitida y notificada el 5 de diciembre de 2025, no fue debidamente notificada a la señora Román Pagán, toda vez que la misma fue enviada a una dirección errónea. Peor aún, la notificación llegó devuelta al TPI con una nota del servicio postal que indicó "Return to Sender Insufficient Address Unable to Forward", según se desprende de la Entrada Núm. 14.** Además, surge del volante de notificación de la *Orden y Mandamiento de*

*Lanzamiento*, que la misma fue notificada inadecuadamente, toda vez que también fue notificada a una dirección errónea.

Hacemos hincapié en que, nuestra jurisprudencia ha establecido que la incorrecta notificación atenta contra los derechos de las partes, al privarles de cuestionar el dictamen emitido y causarles demoras e impedimentos en el proceso. *Berríos Fernández v. Vázquez Botet*, *supra*. Por ello, al no notificarse adecuadamente alguna resolución, orden o sentencia, estas no surten efecto. *Bco. Popular v. Andino Solís, supra*. Además, es norma trillada que las cuestiones relativas a la jurisdicción constituyen materia privilegiada. *R&B Power, Inc. v. Junta de Subasta ASG, supra*. De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias. *Torres Alvarado v. Madera Atiles, supra*; *Fuentes Bonilla v. ELA et al.*, *supra*. Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos. 4 LPRA Ap. XXII-B, R. 83; *R&B Power, Inc. v. Junta de Subasta ASG, supra*. De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse. *Bco. Santander v. Correa García*, *supra*; *Maldonado v. Junta Planificación*, *supra*.

Puntualizamos que, a pesar de que el TPI notificó adecuadamente la *Resolución* de la que se recurre, el foro *a quo* carecía de jurisdicción para atender los eventos procesales posteriores a la *Sentencia*. A saber, la moción por derecho propio, instada por la parte recurrida para solicitar el lanzamiento de la Sra. Román Pagán, así como la moción de relevo de sentencia, instada por la parte peticionaria. Lo anterior, debido a que la *Sentencia* no fue debidamente notificada, por lo que dicho dictamen no advino final y firme. En consecuencia, los recursos presentados por las partes con posterioridad a la *Sentencia* fueron atendidos de manera prematura por el TPI, toda vez que esta nunca advino final y firme, por lo que el TPI atendió sin jurisdicción dichos asuntos.

A la luz de lo anterior, al adjudicar la moción por derecho propio, instada por la parte recurrida para solicitar el lanzamiento de la Sra. Román Pagán, así como la moción de relevo de sentencia, instada por la parte peticionaria, el TPI incidió y actuó de forma contraria al debido proceso de ley. Por todo lo anterior, colegimos que el *segundo* error fue cometido, por lo que procede la revocación de la *Resolución* recurrida. Establecido lo anterior, somos del criterio que el *primer* señalamiento de error esbozado por la parte peticionaria no amerita discusión ulterior. Por otro lado, nada impide que, una vez el TPI notifique adecuadamente la *Sentencia* a la Sra. Román Pagán, la parte que así lo requiera recurra, mediante el recurso y el término que corresponda, nuevamente ante este Tribunal revisor.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de *Certiorari* por falta de jurisdicción por prematuro.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones